IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | |
| : | Case No.: 7:21-CR-00002 (WLS-TQL) |
| : | |
| RICARDO PEREZ-MOLINA : | |
| : | |
| Defendants. : | |
| : | |

**ORDER**

Before the Court is an "Unopposed Motion for Continuance in the Interest of Justice" filed by Defendant Ricardo Perez-Molina on December 21, 2021. (Doc. 29.) Therein, Defendant, through counsel, ask that the Court continue this case to the next available trial term. (*Id.*) This case is currently scheduled in the February 2022 trial term. Defendant's counsel states that a continuance is needed to allow for additional time to complete review of the available discovery and that the assistance of a translator will be necessary for such review with Defendant Perez-Molina. (*Id.*) Further, counsel explains that Defendant Perez-Molina has provided additional information that must be investigated. (*Id.*) Defendant's counsel indicates that the Government does not oppose a continuance. (*Id.*)

The Speedy Trial Act permits a district court to grant a continuance of the trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides a number of factors the Court must consider when granting a continuance. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice and the likelihood that failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

The Court finds that the failure to grant a continuance would likely result in a miscarriage of justice, *see* 18 U.S.C. § 3161(h)(7)(B)(i), and would likely deny the Defendant's

counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence, *see* 18 U.S.C. § 3161(h)(7)(B)(iv). Accordingly, the Court finds that the ends of justice served by continuing trial outweigh the best interest of the public and the Defendant's in a speedy trial. 18 U.S.C. § 3161(h)(7)(A).

Based on the above-stated reasons, the Court finds good cause to grant a continuance. Therefore, the Unopposed Motion for Continuance (Doc. 29) is **GRANTED**. The Court finds that failure to grant the requested continuance would deny the Defendants continuity of counsel and necessary preparations for trial, even assuming due diligence, and would likely result in a miscarriage of justice. It is **ORDERED** that the case is **CONTINUED** to the May 2022 trial term in Valdosta, Georgia, which begins May 9, 2022, unless otherwise ordered by the Court. The Court further **ORDERS** that the time from the date of this Order to the conclusion of the May 2022 Trial Term is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7).*

**SO ORDERED**, this 5th day of January 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE
UNITED STATES DISTRICT COURT**

---

* The Court notes that this is the fourth continuance granted in this case. Therefore, counsel for the Defendant and the Government are ordered to immediately take all necessary steps and actions to prepare this case for trial during the Court's next regular trial term in the Valdosta Division, *i.e.,* May 2022. Further motions to continue will be denied except upon timely written motion to prevent manifest injustice based on grounds reasonably unforeseeable or unavoidable by the moving party or parties.