IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : Case No.: 7:21-CR-00002 (WLS-TQL-1) |
| | : |
| RICARDO PEREZ-MOLINA, | : |
| | : |
| | : |
| Defendant. | : |
| | : |

## ORDER

Before the Court is an "Unopposed Motion for Continuance in the Interests of Justice" filed by Defendant Ricardo Perez-Molina in the above-styled action on April 5, 2022. (Doc. 32.) Therein, Counsel for the Defendant requests that the Court continue the pretrial conference scheduled in for April 13, 2022 and continue this case to the next available trial term. (*Id.*) In support of the request to continue this case, Defendant's Counsel asserts that additional time is needed to complete a review of supplemental discovery, investigate the case, and engage in plea negotiations. (*Id.*) Counsel notes that supplemental discovery was received on March 23, 2022, and he has not had time to review said discovery with Defendant Perez-Molina. (*Id.*) In addition, Defendant's Counsel notes that the Government does not oppose a continuance. (*Id.*)

The Speedy Trial Act permits a district court to grant a continuance of the trial so long as the court makes findings that the ends of justice served by ordering a continuance outweigh the best interest of the public and the defendant in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). Section 3161(h)(7)(B) provides a number of factors the Court must consider when granting a continuance. *United States v. Ammar*, 842 F.3d 1203, 1206 (11th Cir. 2016). Among those factors are the likelihood that the lack of a continuance will result in a miscarriage of justice and the likelihood that failure to grant a continuance would deprive the defendant continuity of counsel or reasonable time necessary for effective preparation. 18 U.S.C. § 3161(h)(7)(B).

In its previous Order issued January 5, 2022, the Court specifically noted that there have been four previous continuances requested in this case. (Doc. 30.) The Court instructed the parties that they "immediately take all necessary steps and actions to prepare this case for trial during the Court's next regular trial term" of May 2022 and that "motions to continue will be denied except upon timely written motion to prevent manifest injustice based on grounds reasonably unforeseeable or unavoidable by the moving party or parties." (*Id.*) This instant motion is the fifth motion for continuance in this case. Defendant explains that the receipt of such voluminous supplemental discovery requires additional time for adequate review, and because said discovery potentially may affect Defendant's case, the Court finds that the failure to grant a continuance may cause manifest injustice.

Therefore, the Unopposed Motion for Continuance in the Interests of Justice (Doc. 32) is **GRANTED**. The Court finds that failure to grant the requested continuance would deny the Defendant continuity of counsel and necessary preparations for trial, even assuming due diligence, and would likely result in a miscarriage of justice. The Court also finds that the need for this continuance outweighs the public and the Defendant's best interest in a speedy trial. It is **ORDERED** that the case is **CONTINUED** to the August trial term in Valdosta, Georgia, which begins August 8, 2022, unless otherwise ordered by the Court. The Court further **ORDERS** that the time from the date of this Order to the conclusion of the October 2022 Trial Term is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7). The Court hereby informs the parties that no further continuances shall be granted in this case except as to prevent manifest injustice.[1]

**SO ORDERED**, this 11th day of April 2022.

/s/ W. Louis Sands
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] As indicated above, the Court acknowledges that this is the fifth continuance granted in this case. Therefore, counsel for the Defendant and the Government are hereby again ordered to immediately take all necessary steps and actions to prepare this case for trial during the Court's next regular trial term in the Albany Division, *i.e.,* October 2022. Further motions to continue will be denied except upon timely written motion to prevent manifest injustice based on grounds reasonably unforeseeable or unavoidable by the moving party or parties.