IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : |
| | : Case No.: 7:21-CR-00002 (WLS-TQL-1) |
| | : |
| RICARDO PEREZ-MOLINA, | : |
| | : |
| | : |
| Defendant. | : |
| | : |

# ORDER

Before the Court is an "Unopposed Motion for Continuance in the Interests of Justice" filed by Defendant Ricardo Perez-Molina in the above-styled action on June 29, 2022. (Doc. 37.) Therein, Counsel for the Defendant requests that the Court continue the pretrial conference scheduled for July 6, 2022 and continue this case to the next available trial term. (*Id.*) In support of the request to continue this case, Defendant's Counsel asserts that additional time is needed to review supplemental discovery and have a "final meeting between Mr. Perez-Molina and Counsel with a Spanish interpreter present." (*Id.* at 2.) Counsel states that she has been unable to review supplemental discovery due to a specially set jury trial in the Macon Division and that her meetings with Defendant must be "specially set" due to the need for a Spanish translator. (*Id.*) Per Counsel, the Government does not oppose the continuance. (*Id.*)

This is the *sixth* motion to continue in this case. In the Court's last Order allowing a continuance, it noted (per Counsel's motion) that supplemental discovery "was received on March 23, 2022." (Doc. 33.) That Order was issued on April 11, 2022. (*Id.*) Thus, Counsel has had ninety-eight (98) days—just over three months—to review the supplemental discovery prior to filing the instant motion. It has been over a year since Defendant Perez-Molina was arraigned before this Court; in fact, it has been over a year since Counsel filed the first motion to continue this case. (Docs. 12, 18.)

In its last Order, the Court recounted to the Parties that in its January 5, 2022 Order

(the fourth request) they were instructed to,

> "immediately take all necessary steps and actions to prepare this case for trial during the Court's next regular trial term" of May 2022 and that "motions to continue will be denied except upon timely written motion to prevent manifest injustice based on grounds reasonably unforeseeable or unavoidable by the moving party or parties.

(Doc. 33, *quoting* Doc. 30.) The Court then specifically informed the parties "that no further continuances shall be granted in this case except as to prevent manifest injustice".* (Doc. 33 at 2.)

The Court is aware that Counsel, like many (if not all) attorneys, carries a significant caseload. However, it is Counsel's job to ensure that her client's cases are effectively and efficiently adjudicated. The Court has been generous to Counsel, and the Government by extension, regarding this case. In addition to granting five previous continuances, the Court has employed its practice of notifying the Parties when their case was due to be noticed for trial. (Docs. 23; 27; 34.) Considering these many continuances and allowances, the Court finds Counsel's instant motion with respect to the need for additional time to review discovery unacceptable.

Counsel's reasoning for this sixth continuance on this basis is inadequate in light of the Court's previous orders. Scheduling issues are not necessarily grounds for a continuance, especially when they are wholly foreseeable—such as the case here. Counsel cannot argue that the Court's failure to grant a continuance based on this proffered reason would result in manifest injustice when Counsel had ample opportunities to review the materials and strategize a plan for disposition. As stated above, Counsel has had over three months to complete review of the supplemental discovery and, further, to meet with Defendant Perez-Molina. The Court is cognizant of the logistics required to arrange for an interpreter, but Counsel has also had significant time to make such arrangements since the receipt of the

---

* The Court notes that there was a typographical error in its April 11, 2022 Order that made reference to an "October 2022" term in a footnote. (Doc. 33.) The Court clarifies that the last Order specifically continued this case to the August 2022 term. (*Id.* at 2.) The Parties have not demonstrated any confusion on this matter, but the Court makes note of the typographical error for record purposes. The next trial term for the Valdosta Division is November 2022.

2

supplemental discovery. Thus, the Court is not persuaded by Counsel's proffered support for this motion regarding adequate time to review and meet with Defendant Perez-Molina.

Further, Counsel's actions are not the only thing the Court must consider at present. The Court is obligated to ensure that the Defendant and the Public's right to a speedy is protected. Pursuant to the Speedy Trial Act, the Court may "grant a continuance of the trial so long as the court makes findings that the ends of justice served by ordering a continuance *outweigh the best interest of the public and the defendant* in a speedy trial." 18 U.S.C. § 3161(h)(7)(A) (emphasis added.) With five continuances already on the docket, the Court is concerned that further continuances of this case will run afoul of both Defendant Perez-Molina's right to and the Public's interest in a speedy trial. *See id.* Absent any significant explanations aside from scheduling conflicts and the need to arrange for an interpreter, Counsel has not provided the Court with any grounds to justify a continuance in a manner that does not potentially trample on the right to a speedy trial.

Nevertheless, the Court must also ensure that the Defendant is *actually* fully aware of the status of his case and that he understands the charges, nature of the proceedings, and the choices he must make in the course of his prosecution. Therefore, the Court finds that it is necessary for the Defendant to have an interpreter for his conversations with his Counsel as well as any future Court proceedings. To deny him this would be a violation of his rights under due process. *See United States v. Martinez*, 616 F.2d 185, 188 (5th Cir. 1980) (stating that the use of interpreters in legal proceedings serves as a balance of a defendant's constitutional rights under the confrontation and due process clauses and the public's interest in the administration of law.); *see also Valencia-Trujillo v. United States*, No. 8:11-cv-428-17EAJ, 2017 WL 3336491, at *6 (M.D. Fla., Aug. 4, 2017) ("A defendant is entitled to appointment of an interpreter if the court determines that he speaks only or primarily a language other than English, and this fact inhibits his comprehension of the proceedings or communication with counsel.").

Therefore, for this reason only, the Unopposed Motion for Continuance in the Interests of Justice (Doc. 37) is **GRANTED**. Based on the findings and reasonings above, the Court finds that failure to grant the requested continuance would deny the Defendant the necessary preparations for trial, even assuming due diligence, and would likely result in a

miscarriage of justice. The Court also finds that the need for this continuance outweighs the public and the Defendant's best interest in a speedy trial. However, the Court hereby puts the Parties on notice that this is the *final* continuance permitted in this case. Thus, it is **ORDERED** that the case is **CONTINUED** to the November trial term in Valdosta, Georgia, which begins November 7, 2022, unless otherwise ordered by the Court. The Court further **ORDERS** that the time from the date of this Order to the conclusion of the November 2022 Trial Term is **EXCLUDED FROM COMPUTATION** under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7). The Court hereby places the Parties on Notice that this case will proceed to trial in November unless the Parties inform the Court that a resolution agreeable to both the Parties has been reached. If the Parties do reach an agreement regarding the disposition of the charges against Defendant Perez-Molina, the Parties must inform the Court within seven (7) days of reaching the agreement by filing notice on the record in the form of a written status report. The Court again reiterates that Counsel and the Government shall *not* be granted further continuances in this case outside of emergency circumstances that would cause manifest injustice to the Defendant. In granting this motion, the Court is aware that the Parties now have 125 days, or just over four (4) months, to prepare this case for trial. This 125-day period provides Counsel adequate time to confer with the Defendant. The Parties are thus **ORDERED** to immediately take all necessary steps and actions to timely prepare this case for trial during the Court's November 2022 trial term.

    **SO ORDERED**, this 5th day of July 2022.

                                        **/s/ W. Louis Sands**
                                        **W. LOUIS SANDS, SR. JUDGE**
                                        **UNITED STATES DISTRICT COURT**