**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | CASE NO.: 7:21-CR-00002 (WLS) |
| RICARDO PEREZ-MOLINA, | : | |
| | : | |
| Defendant. | : | |
| | : | |

## ORDER

Before the Court is Defendant's Motion for Reduction of Sentence (Doc. 77), filed on December 30, 2025. After review, the Motion is **DENIED**. Defendant cannot satisfy any Sentencing Guidelines authorized ground for compassionate release. So he cannot show that extraordinary and compelling reasons justify a sentence reduction.

## I.   BACKGROUND

Defendant was charged in a one-count Indictment (Doc. 1) with Interstate Transportation of Stolen Property, in violation of 18 U.S.C. §§ 2314 and 2. He pleaded guilty to that count on November 3, 2022. (Docs. 52 & 53). He was sentenced on November 2, 2023, to a term of imprisonment of 30 months to be followed by three years of supervised release. (Doc. 69). Defendant filed the instant Motion (Doc. 77) on December 30, 2025. The Government responded. (Doc. 78). At the Court's request, the United States Probation Office (USPO) prepared a memorandum giving its opinion on Defendant's Motion. USPO recommends the Court deny it.

## II.   MOTION FOR COMPASSIONATE RELEASE

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A). (Doc. 77 at 1). Generally, the Court may not modify a term of imprisonment. *United States v. Moreno*, 421 F.3d 1217, 1219 (11th Cir. 2005). Even so, the Court may reduce a sentence if it finds "extraordinary and compelling reasons" to do so. § 3582(c)(1)(A)(i). This requires the defendant to satisfy one of the Sentencing Guidelines' enumerated grounds for compassionate release. *United States v. Bryant*, 996 F.3d 1243, 1263–64 (11th Cir. 2021) (citing U.S.S.G.

§ 1B1.13(b)), *superseded in part on other grounds by* U.S.S.G. § 1B1.13 (2023). Extraordinary and compelling reasons can exist under (1) the medical circumstance of the defendant, (2) the age of the defendant, (3) family circumstances of the defendant, (4) defendant is a victim of abuse, (5) other similar reasons, and (6) an unusually long sentence. § 1B1.13(b).

The Court construes Defendant as asserting two grounds for compassionate release: (1) medical circumstances, and (2) other reasons. After addressing each, the Court isn't persuaded that compassionate release is appropriate in this case.

### A. Medical Circumstances

Defendant first argues that his medical conditions justify compassionate release. (Doc. 678 at 5–6, 9–11.) Defendant might qualify for a sentence reduction if he suffers "from a serious physical . . . condition . . . that substantially diminishes [his] ability . . . to . . . self-care within the [prison] environment . . . from which he . . . is not expected to recover." U.S.S.G. § 1B1.13(b)(1)(B). According to Defendant, his various ailments including, Type II Diabetes, shingles, hypothyroidism, obesity, hyperlipidemia, hypertension, heart disease, asthma, and cervical disc disorder, amount to such a serious physical condition. (Doc. 11 at 5). Under certain circumstances, these conditions might be serious and impose significant functional limitations. Yet the medical evidence suggests that for Defendant, they do not.

At the outset, the Court is unable to assess the functional impact of Defendant's chronic conditions. From the Court's understanding, these chronic conditions' severity can range from minor to life threatening. For Defendant, he appears to be receiving adequate treatment. For example, Defendant receives a lidocaine patch for shingles and has an Albuterol Inhaler for his asthma. (Doc. 77-1 at 6). He takes Amitriptyline for his cervical disc disorder, Clopidogrel Bisulfate and Metoprolol for heart disease, Ezetimibe for hyperlipidemia, Levothyroxine for hypothyroidism, and Lisinopril for his blood-pressure. (*Id.* at 5–6). And he receives Semaglutide and insulin injections, Aspirin, Metformin, Nifedipine, and glipizide for his diabetes. (*Id.*) From these facts, the Court can only conclude that he is receiving adequate care for his chronic conditions in prison. What's more, Defendant hasn't provided any evidence that the conditions diminish his ability to self-care. In February of 2025, Defendant appealed the denial of his request for compassionate release within the Bureau of Prisons, citing chronic obstructive pulmonary disease, weakness in his left arm, and difficulty walking

as grounds for relief. (*Id.* at 9). The Administrator for National Inmate Appeals denied Defendant's appeal, specifically noting that Defendant's condition was stable and that he was "independent in [his] activities of daily living." (*Id.* at 10).

Thus, after reviewing Defendant's identified medical conditions, the Court concludes that he cannot and does not meet the requirements of § 1B1.13(b)(1)(B). The conditions that are supported by the record do not significantly diminish his ability to self-care in prison. Hence Defendant's medical circumstances don't justify compassionate release.

### B. Other Reasons

Defendant offers an additional circumstance that he contends justifies a reduction: his rehabilitation. (Doc. 77 at 9–10). Defendant may be eligible for a sentence reduction if he "presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the [specific § 1B1.13(b) circumstances], are similar in gravity to those [circumstances]." § 1B1.13(b)(5) Yet Defendant's rehabilitation alone cannot justify compassionate release. The Guidelines are clear: "rehabilitation . . . , by itself, [is not] an extraordinary and compelling reason" for compassionate release. U.S.S.G. § 1B1.13(d). So Defendant's rehabilitative efforts, while impressive, cannot alone justify a sentence reduction. (*See* Doc. 77 at 9–10). Thus, the Court is unpersuaded that the other circumstance Defendant identifies qualifies as an additional circumstance that justifies compassionate release under § 1B1.13(b)(5).

### <u>CONCLUSION</u>

Consequently, Defendant's Motion for Compassionate Release (Doc. 77) is **DENIED**. Having rejected his arguments, and after careful and complete review of the Motion and the Record, the applicable factors at 18 U.S.C. § 3553(a), and the policy statements at U.S.S.G. § 1B1.13, the Court doesn't conclude that extraordinary and compelling reasons warrant a sentence reduction in this case.

**SO ORDERED**, this 6th day of May 2026.

<u>/s/ W. Louis Sands</u>
**W. LOUIS SANDS, SR. JUDGE**
**UNITED STATES DISTRICT COURT**

3